UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
DONNIE ANDREWS                :    Civ. No. 3:21CV00264(JCH)
                              :
v.                            :
                              :
ENDRI DRAGOI                  :    August 17, 2021
                              :
------------------------------x
```

### ORDER ON MOTION TO COMPEL [Doc. #14]

On August 4, 2021, defendant Endri Dragoi ("defendant"), filed a Motion for an Order Compelling Disclosure Re: Defendant's Interrogatories and Requests for Production (hereinafter, the "Motion to Compel") [Doc. #14], which was referred to the undersigned on August 5, 2021. See Doc. #15. On August 13, 2021, plaintiff Donnie Andrews ("plaintiff") filed an Objection to Motion to Compel. See Doc. #18. Defendant filed a Reply to Objection to Motion to Compel on August 16, 2021. See Doc. #19. For the reasons set forth below, the Motion to Compel [Doc. #14] is **DENIED**.

Defendant seeks to compel responses to discovery requests served on April 21, 2021. See Doc. #14 at 1. Defendant contends that plaintiff has failed to respond in any way to these requests, despite the fact that defense counsel contacted plaintiff's counsel by email regarding the requests on June 7,

June 22, and July 6, 2021, and by phone on July 13, and July 22, 2021. See Doc. #14 at 1-2.

In plaintiff's objection, he asserts that because the discovery was served prior to the Rule 26(f) planning conference conducted on May 17, 2021, the discovery requests were premature "and the plaintiff may not be compelled to answer" them. Doc. #18 at 2.

Defendant responds that "[r]egardless of plaintiff's argument that the defendant's discovery requests are pre-mature and were served prior to their meet and confer as to the 26(f) Report on May 17, 2021, the defendant's discovery requests were considered to have been served at the first 26(f) conference per Fed. R. Civ. P. 26(d)(2)(B)." Doc. #19 at 1 (sic). Defendant contends that because the disputed requests "are considered to have been served on May 17, 2021," plaintiff's responses "are still overdue based upon the Federal Rules of Civil Procedure." Id.

The Federal Rules provide: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). However, as defendant points out, the Federal Rules permit early requests for production, if the requests are

delivered "[m]ore than 21 days after the summons and complaint are served on a party[.]" Fed. R. Civ. P. 26(d)(2)(A). Such early requests for production are "considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B).

Defendant argues that Rule 26(d)(2) applies to the disputed requests here, such that the requests should be considered to have been served on May 17, 2021, and responses should be required. See Doc. #19 at 1. However, the Court notes that Rule 26(d)(2) appears to permit only "Early Rule 34 Requests[,]" and makes no mention of whether interrogatories served prior to the Rule 26(f) conference are similarly permissible. Fed. R. Civ. P. 26(d)(2). In the Motion to Compel, defendant seeks responses to both interrogatories and requests for production. See Doc. #14 at 1. Moreover, the summons issued on March 2, 2021, see Doc. #7, but it is not entirely clear, from the docket, when the summons and complaint were served on defendant. Accordingly, the Court cannot determine whether the April 21, 2021, discovery requests were served "[m]ore than 21 days after" service of the summons and complaint, such that they can properly be considered early requests for production under Rule 26(d)(2). Fed. R. Civ. P. 26(d)(2)(A).

However, regardless of whether the disputed discovery requests constitute permissible early requests under the Federal

Rules, the Court must deny the Motion to Compel, for failure to comply with the Scheduling Order. See Doc. #13. The Scheduling Order states:

> Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) <u>must be filed within 30 days after the due date of the response</u>. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

Id. at 2 (emphasis added). Assuming, as defendant argues, that Rule 26(d)(2) applies to the disputed discovery requests, they were considered served on May 17, 2021, the date of the Rule 26(f) planning conference. See Doc. #14 at 1; see also Fed. R. Civ. P. 26(d)(2)(B). Under the Federal Rules, any response was due within 30 days of that date, or by June 16, 2021. See Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Pursuant to the Scheduling Order, any motion to compel would have to have been filed by July 16, 2021. See Doc. #13 at 2. Defendant's Motion to Compel was filed on August 4, 2021. See Doc. #14. Accordingly, even adopting defendant's theory that the discovery requests were served on May 17, 2021, defendant failed "to file a timely motion in accordance with [the] scheduling order" and waived his right to file a motion to compel as to the disputed discovery

requests.[1] Doc. #13 at 2. Accordingly, the Motion to Compel [Doc. #14] is **DENIED, without prejudice**.[2]

The Court notes that plaintiff had an obligation to respond <u>in some way</u> to the April 21, 2021, discovery requests, even if they were premature. See <u>Madison v. Harford Cty., Md.</u>, 268 F.R.D. 563, 565 (D. Md. 2010) (When served with a premature discovery request, defendant "failed to file any written response or motion for protective order, and he simply ignored Plaintiffs' [discovery] request. This was improper.").

> [A] party's <u>complete failure to respond</u>, by way of ... objection, answer, or motion for protective order, to a discovery request[] ... strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.

<u>Doe v. Mastoloni</u>, 307 F.R.D. 305, 308-09 (D. Conn. 2015). The Motion to Compel indicates that plaintiff not only failed

---

[1] The Court notes that if the requests are considered to have been served on April 21, 2021, any response was due by May 21, 2021, and any motion to compel would have to have been filed by June 21, 2021. Thus, in either scenario, defendant waived his right to file a motion to compel as to the April 21, 2021, requests.

[2] The Court also notes that the Motion to Compel fails to comply with the Local Rules. Local Rule 37 governs motions regarding discovery disputes, and states: "Every memorandum shall include, as exhibits, copies of the discovery requests in dispute." D. Conn. L. Civ. R. 37(b)(1). Copies of the disputed discovery requests were not provided as exhibits to the Motion to Compel. See Doc. #14. Any future motions shall fully comply with the Local Rules.

entirely to respond to the April 21, 2021, discovery requests, but also that plaintiff's counsel ignored multiple emails and phone calls from defendant's counsel regarding the outstanding discovery. See Doc. #14 at 1-2.

Counsel have an ongoing obligation to meet and confer about discovery issues and the litigation generally. Indeed, the parties' 26(f) Report states: "As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action." Doc. #11 at 6. "Both the Local and Federal Rules of Civil Procedure require cooperation between lawyers for clients who are adversaries in litigation[,]" and "counsel are required to confer in good faith before seeking court action on discovery disputes." Wade v. Churyk, No. 3:15CV609(RNC), 2018 WL 855558, at *3 (D. Conn. Feb. 13, 2018). While the Federal and Local Rules require the moving party, in this case, defendant, to certify that the parties have in fact done so (or attempted to do so), prior to filing a motion to compel, see Fed. R. Civ. P. 37(a)(1); see also D. Conn. L. Civ. R. 37(a), the non-moving party has an equal obligation to engage in such discussions. See, e.g., Wade, 2018 WL 855558, at *3 ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process."). Here, plaintiff's counsel's failure to respond, in any way, to defense

6

<u>counsel's multiple attempts to confer regarding the disputed requests</u>, is unacceptable.

> The importance of the meet and confer requirement cannot be overstated: it 'ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves.' <u>Cornell Research Found., Inc. v. Hewlett Packard Co.</u>, 223 F.R.D. 55, 59 (N.D.N.Y. 2003).

<u>City of Hartford v. Monsanto Co.</u>, No. 3:15CV1544(RNC)(DFM), 2017 WL 3531479, at *2 (D. Conn. Aug. 17, 2017). As stated, plaintiff's counsel refused to confer with defendant's counsel, or even to simply inform defendant's counsel of plaintiff's objection to the April 21, 2021, requests, on the basis that the requests were premature. Because of plaintiff's counsel's actions (or, more precisely, inaction), defendant and the Court have expended resources briefing and addressing this discovery dispute, which is wholly unrelated to the substance of the discovery requests, and might have been resolved through "a mutually acceptable compromise" between the parties. <u>City of Hartford</u>, 2017 WL 3531479, at *2. Plaintiff's counsel's failure to respond to the requests in any way has delayed the case by almost four months. The Court cautions counsel that any future failure to comply with the requirements of the Federal and Local Rules, and to engage in good faith in the discovery process, could lead to sanctions. <u>See</u> Fed. R. Civ. P. 37.

7

If defendant wishes to serve discovery requests identical to those served on April 21, 2021, he may do so by **August 19, 2021**. In light of the upcoming discovery deadline of September 30, 2021, see Doc. #13 at 1, the Court exercises its discretion under the Federal Rules to order plaintiff to respond to any such identical requests by **August 30, 2021**. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). The Court finds that this expedited schedule will not prejudice plaintiff, because he has had actual notice of the requests since April 21, 2021, and has been regularly reminded by defendant of his obligation to respond. If defendant serves new discovery requests, either in addition to or in lieu of the requests previously served, those requests will be subject to the regular discovery rules concerning the timing of responses.

The Court notes that initial disclosures, pursuant to Federal Rule 26(a), were due by June 1, 2021. See Fed. R. Civ. P. 26(a). The Court presumes that initial disclosures were timely exchanged by that date. If not, initial disclosures must be provided by both parties **forthwith**.

Additionally, discovery is set to close on **September 30, 2021**. See Doc. #13 at 1. Considering the significant delays in the exchange of discovery that have already beset this case, the Court encourages counsel to begin scheduling any depositions **forthwith**.

8

Finally, the parties are ordered to file a joint status report on or before **September 3, 2021**. This report shall be filed in addition to the joint status report due on August 19, 2021, as set forth in the Scheduling Order. See Doc. #13 at 2. The September 3, 2021, report shall provide a detailed update on the status of discovery generally, and shall explicitly address whether the issues discussed in this Order have been resolved. Specifically, the report shall indicate:

(1)  whether initial disclosures have been exchanged;

(2)  whether plaintiff has timely responded to any discovery requests served pursuant to this Order; and

(3)  whether the parties plan to take any depositions and, if so, the proposed dates of those depositions.

It is so ordered at New Haven, Connecticut, this 17th day of August, 2021.

                                  /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES MAGISTRATE JUDGE